## SOUTHERN PACIFIC CO v PRICE etc

Ohio Appeals, 1st Dist, Hamilton Co

No 3257.   Decided Jan 14, 1929

Maxwell & Ramsey and Frank H Graydon, all of Cincinnati, for Southern Pacific.

Hightower, O'Brien & Porter, Cincinnati, for Price.

ROSS, J.

The measure of damages in this case is the difference in the market value of the fruit on Monday, when it should have been delivered, and the market value on Wednesday, when it was delivered. **Wyler Ackerland & Co. v. Rd. Co., 83 Ohio St. 293.**

It has been urged that in order to establish market value, it is necessary to prove sales on the day in question. It is urged that the testimony of one of the witnesses who compiled the market reports for a current newspaper, did not constitute any evidence on the question of market value, for the reason that such testimony did not cover actual sales upon the day in question. We think that the testimony of the witness, refreshing his recollection from these market reports, as published in the newspaper and as compiled by him, and supported by his further statement that he acquired this information by interviewing the trade and consulting other published market reports, was competent, relevant, and material. The reports themselves would have been competent evidence under the rule laid down by many authorities. See: Jones on Evidence, 2nd Ed. Vol. 4, sections 1753, 1754. R. C. L. Vol. 10, page 1167, "Evidence", section 367. R. C. L. Supplement, Vol. 2, page 1163, "Evidence", section 367.

We find no error in the record, prejudicial to the plaintiff in error. For this reason, the judgment of the court of common pleas, in favor the plaintiff, is affirmed.

Hamilton, PJ and Cushing, J, concur.